IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SYLVESTER ROGERS § | |
|    TDCJ-CID #59849-179 § | |
| § | C.A. NO. C-07-410 |
| V. § | |
| § | |
| NUECES COUNTY JAIL, ET AL. § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

Plaintiff is a federal inmate currently incarcerated at the Federal Correctional Center in Forrest City, Arizona; however, his claims concern events that occurred while he was at the Nueces County Jail in Corpus Christi, Texas. He filed his original complaint on October 25, 2007, complaining that, while he was confined in the Nueces County Jail, he was denied proper medical attention by Nurse Jane Doe and subjected to unsafe and unsanitary conditions of confinement, in violation of his due process and Eighth Amendment rights. (See D.E. 1).

A Spears[1] hearing was held on November 13, 2007 before United States Magistrate Judge Brian L. Owsley to afford plaintiff an opportunity to detail his claims. On November 20, 2007, Magistrate Judge Owsley entered a Recusal Order. (D.E. 12).

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

The case has been referred to the undersigned for pretrial management.[2] The undersigned has listened to the recording of the November 13, 2007 evidentiary hearing and has reviewed the pleadings on filed. The following recommendation is made.

**I.     Jurisdiction.**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II.    Plaintiff's allegations.**

Plaintiff made the following allegations in his pleadings or at the November 13, 2007 Spears hearing.

On February 13, 2006, plaintiff was arrested at a federal checkpoint, and, after being interviewed by Drug Enforcement Agents, he was transported to the Nueces County Jail. After being booked, he was placed in Holding Cell No. 5. The cell was crowded with little room for individuals to stand, and the benches were full. In the late afternoon, plaintiff began experiencing a pain in his abdomen. He laid down on the concrete floor for awhile, but the pain intensified. He went to the holding cell door and called for assistance. Eventually, Nurse Jane Doe[3] arrived and asked him questions about his medical history and to describe his current pain. Plaintiff told her that his medical history was negate for abdominal pain and

---

[2] Should he desire to do so, plaintiff may consent to proceed before the undersigned magistrate judge to conduct all future proceedings, including entry of final judgment, with appeal to the Fifth Circuit. See 28 U.S.C. § 626(c).

[3] Plaintiff described Nurse Jane Doe as white, in her late 30s-40s, who was working the shift the night he was booked.

2

that he had never experienced a similar pain before. Nurse Jane Doe concluded that the pain was "gas" and that it would pass. Plaintiff objected and told her that it was not gas, but Nurse Jane Doe walked away.

Plaintiff returned to lying on the concrete floor; however, the pain continued to intensify, and plaintiff began crying in pain. After approximately twenty minutes, other inmates began calling for help. An officer called medical and Nurse Jane Doe returned. She looked at plaintiff, but again, offered no medical assistance, and left.

Plaintiff pulled himself over to the door and began beating on the holding cell window calling for help. Five to ten minutes later, a nurse identified as "Julie" arrived and examined plaintiff. Nurse Julie ordered a urine sample. The urine sample tested positive for blood, and plaintiff was taken by wheelchair upstairs to see a doctor. The doctor's assessment was gallstones or kidney stones, and he ordered plaintiff transported to a local hospital emergency room. At the hospital, plaintiff underwent x-rays and a cat scan, and was given IV fluids and medication. He was discharged on February 14, 2006, with instructions to be kept comfortable, and prescribed Motrin.

Upon his return to the Jail, plaintiff was again placed in Holding Cell No. 5. Again, the cell was overcrowded, and plaintiff was forced to sleep on the concrete floor without a mattress, pillow, or blanket.

On February 15, 2006, plaintiff appeared before the undersigned for his initial appearance. (See CR. No. 2:06-cr-167(1) at D.E. 3). He complained about the conditions at

the Jail, and he was told to contact the U.S. Marshals if conditions did not improve. Conditions did not improve, but he was denied grievance forms.

On February 17, 2006, plaintiff was taken upstairs and placed in a two-man cell. In this cell, plaintiff had a mattress, but no blanket.

Plaintiff did not get to take a shower until his seventh day in custody, February 19, 2006. The showers had holes in them, and were covered with rust, mildew, and peeling paint. The sinks and toilets were dilapidated and inoperable. The hallways were littered with trash, rodents, and cockroaches. Often, plaintiff did not have a towel after a shower and he would have to "air dry" or use his bedding. He asked staff for a towel but was told there were none because of overcrowding.

In October 2006, plaintiff, who was no longer at the Jail, tested positive for exposure to Tuberculosis on a skin test. He had follow-up lung x-rays taken, but was not prescribed medication. The doctors at FCC-Forrest City have told him he was exposed to Tuberculosis, but he does not have the disease. He is not taking any medication for the exposure. Plaintiff believes he was exposed to Tuberculosis while in the crowded conditions at the Jail.

At the Spears hearing, plaintiff orally moved to substitute Nueces County as the proper party defendant in place of the Nueces County Jail and the Nueces County Sheriff's Department. Plaintiff claims that Nueces County was deliberately indifferent to his health and safety by confining him to an overcrowded and unsanitary cell, failing to provide him with a mattress, and providing a "non-physician" to evaluate his complaints. He claims that Nueces County also denied him his due process rights by refusing to provide him with

grievance forms and by confining him to inhumane conditions. Plaintiff is suing Nurse Jane Doe alleging deliberate indifference to his serious medical needs. He seeks $500,000 in compensatory damages, plus punitive damages of $900,000.

**III.    Discussion.**

**A.    Legal Standard.**

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

The Supreme Court has held that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); accord Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support

of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  Indeed, a prisoner's action may be dismissed for failure to state a claim upon which relief can be granted even if the inmate has failed to exhaust administrative remedies.  42 U.S.C. § 1997e(c)(2).

The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Oliver, 276 F.3d at 740.

**B.      Proper party defendant.**

As previously noted, plaintiff originally named as defendants the Nueces County Jail and the operators of the Jail, the Nueces County Sheriff's Department.  However, neither the Jail nor the Sheriff's Department is a "person" for purposes of § 1983 liability.  See Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (administrative departments of city or county are not capable of suing or being sued).  The proper party is Nueces County.  At the Spears hearing, plaintiff moved to substitute Nueces County for the Jail and the Sheriff Department.  Thus, it is respectfully recommended that plaintiff's motion be granted, that Nueces County be substituted as the proper party defendant, and that the Jail and the Sheriff's Department be dismissed from this lawsuit.

**C.    Municipal liability.**

Plaintiff claims that Nueces County violated his Eighth and Fourteenth Amendment rights by housing him in inhumane conditions and delaying his access to the grievance system.

Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. Monell v. Dep't of Social Services, 436 U.S. 658, 694, (1978); Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). These three elements are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself. Piotrowski, 237 F.3d at 578. An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." Lawson v. Dallas County, 286 F.3d 257, 263 (5th Cir. 2002) (quoting Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir.1984) (en banc)). There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right. Id. at 264.

*Deliberate indifference to plaintiff's health and safety.*

The Fifth Circuit has held that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care ..., during their confinement." Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996). Thus, regardless whether the inmate is a pretrial detainee or a convicted prisoner, the standard of liability is the same for episodic acts or omissions of jail officials that expose an inmate to harm. Id.

The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation omitted). A prison official violates this duty when by act or omission he is deliberately indifferent to prison conditions which pose a substantial risk of serious harm. Id. at 834. "To establish deliberate indifference in the context of the Eighth Amendment, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998). See Farmer, 511 U.S. at 837 (holding that the subjective test for deliberate indifference requires the official both know of and disregard an excessive risk of harm). The legal conclusion of deliberate indifference must rest on facts clearing evincing "obduracy and

wantonness, not inadvertence or error in good faith." Whitlet v. Albers, 475 U.S. 312, 319 (1986).

In this case, plaintiff alleges that the inhumane conditions at the Jail were so persistent and widespread that the County was aware of the conditions and in fact, condoned them. His allegations satisfy § 1915A, and it is recommended that his due process and Eighth Amendment claims against Nueces County concerning the conditions of the Jail be retained, and service ordered on this defendant.

### *Grievance system.*

Plaintiff also claims that he was denied his due process rights because he was delayed access to the Jail grievance system. In particular, he claims that it took him several request to receive grievance forms. This allegation, however, fails to state a claim, because plaintiff has no constitutional right to receive grievance forms in a timely manner. This is because a prisoner has a liberty interest only in "freedom from restraints imposing atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). A delay in obtaining grievances does not impose such a hardship, and any alleged due process violation arising from the delay is indisputably meritless. See e.g. Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) (prisoner does not have a federally protected interest in having grievances investigated or resolved to satisfaction). Thus, it is respectfully recommended that plaintiff's due process claim concerning the filing of grievances be dismissed for failure to state a claim.

**D.     Nurse Jane Doe.**

Plaintiff is also suing Nurse Jane Doe claiming that she was deliberately indifferent to his serious medical needs when she met with him twice, but failed to consider seriously his complaints of pain, and failed to conduct any further examination, such as request a urine sample, take his temperature, or send him upstairs for further examination, but simply told him he had "gas" and left.

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the official acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Wilson v. Seiter, 501 U.S. 294, 303.(1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Negligent medical care does not constitute a valid § 1983 claim.  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).  See also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("[i]t is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim."). As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights.  Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982).  That is, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered.  See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Mendoza, 989 F.2d at 195; Varnado, 920 F.2d at 321.  "Deliberate indifference is an extremely high standard to meet."  Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

Plaintiff testified that his pain was so severe he was reduced to tears, other inmates were concerned enough that they began requesting help, and that as soon as Nurse Julie arrived, she ordered a urinalysis to better evaluate his symptoms. Based on these allegations, plaintiff has stated sufficient facts to survive § 1915A screening, and it is respectfully recommended that the Court retain plaintiff's claim against Nurse Jane Doe, and order service on this defendant.

**IV.    Recommendation.**

For the reasons stated above, it is respectfully recommended that plaintiff's oral motion to substitute Nueces County and dismiss the Nueces County Jail and Nueces County Sheriff's Department be granted. It is further respectfully recommended that plaintiff's Eighth Amendment and due process claims concerning the conditions of his confinement against Nueces County be retained on the Court's docket, and service ordered on this defendant. It is respectfully recommended further that plaintiff's claim of deliberate indifference to serious medical needs against Nurse Jane Doe be retained and service ordered on this defendant. Finally, it is respectfully recommended that plaintiff's due process claim concerning his grievances be dismissed with prejudice for failure to state a claim and as frivolous. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 29th day of November, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).