IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SYLVESTER ROGERS, JR. | § | |
|    FED. REG. I.D. 59849-179 | § | |
| | § | |
| VS. | § | C.A. NO. C-07-410 |
| | § | |
| NUECES COUNTY, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

In this civil rights action, plaintiff, a federal inmate, complains that he received inadequate medical care in deliberate indifference to his serious medical needs when he was confined at the Nueces County Jail, and that the conditions of the Jail were substandard, in violation of the Eighth Amendment. Pending is plaintiff's motion for appointment of counsel (D.E. 43). The motion is denied without prejudice.

No constitutional right to appointment of counsel exists in civil rights cases. Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994). A district court is not required to appoint counsel unless "exceptional circumstances" exist. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986)). Among the factors that the Court should consider are: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition

of the case." Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)).

Regarding the first factor, plaintiff's Eighth Amendment claims do not present any complexities that are unusual in prisoner actions. He has alleged that the conditions in the Nueces County Jail were substandard and amounted to "unquestioned and serious deprivations of basic human needs," and a deprivation of the "minimal civilized measure of life's necessities" in violation of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8-10 (1992); Rhodes v. Chapman, 452 U.S. 337, 347 (1981). As to Nurse Jane Doe, he alleges that he had a serious medical need, that she was aware of his needs but ignored his requests for assistance, and that her omissions were sufficiently harmful to amount to deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 105 (1976). His Eighth Amendment claims are straight forward and there is an abundance of case law discussing similar claims. His claims are not complex, nor do they raise complicated legal issues that would require an attorney.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff has thus far demonstrated that he is able to adequately communicate and file pleadings with the Court. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature.

Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

No "exceptional circumstances" exist that warrant the appointment of counsel at this time. Thus, plaintiff's motion for appointment of counsel (D.E. 43), is denied without prejudice, subject to renewal should counsel be warranted at a later date.

ORDERED this 17th day of April, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE